# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY T. HANNIBLE, | CASE NO. 1:12-cv-01230 AWI GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED AS DUPLICATIVE |
| v. | |
| N. AGUILERA, et al., | OBJECTIONS DUE IN THIRTY DAYS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison, brings this action against defendant N. Aguilera, a

1

1 correctional official employed by the Department of Corrections and Rehabilitation at Pleasant
2 Valley State Prison.  The events that give rise to this lawsuit occurred while Plaintiff was housed at
3 Pleasant Valley.  Plaintiff's claim in this lawsuit stems from an attack on Plaintiff by his cellmate,
4 inmate Vargas, on August 3, 2009.

5  On June 30, 2009, Plaintiff was discharged from Bakersfield Memorial Hospital after
6 undergoing back surgery.  Upon his return to Pleasant Valley, Plaintiff was housed on D Yard,
7 instead of the Central Treatment Center, due to overcrowding.  Plaintiff was housed with inmate
8 Vargas, an inmate undergoing mental health treatment.  Inmate Vargas began making "sexual
9 remarks" toward Plaintiff.  Plaintiff informed Vargas that he was not a homosexual and was not
10 interested.  Vargas "became upset and stated 'you have to move bro.'"

11 On August 3, 2009, Plaintiff was "brutally attacked" by inmate Vargas.  Plaintiff was unable
12 to defend himself due to his recent back surgery.  Plaintiff alleges that as he was being assaulted, he
13 saw Defendant Aguilera looking in through the cell window, then walk away.  Plaintiff alleges that
14 he lost consciousness for a time, and when he regained consciousness he again saw Defendant
15 Aguilera looking in through the cell window.  At this point, Aguilera summoned help.

16 A review of <u>Hannible. v. Agulera, et. al.</u>, 1:10-cv-1395 JLT PC, indicates that Plaintiff set
17 forth the same allegations in an earlier complaint, which is still pending.  In that case, Plaintiff
18 claimed that C/O Agulera failed to intervene while Plaintiff was attacked by his cellmate, inmate
19 Varga, on August 3, 2009.[1]  Because Plaintiff is challenging the same conduct in this case as in the
20 earlier case, this case should be dismissed as duplicative of 1:10-cv-1395 JLT PC.

21 Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without
22 prejudice as duplicative.

23 These findings and recommendations are submitted to the United States District Judge
24 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty
25 days after being served with these findings and recommendations, Plaintiff may file written
26 objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

---

[1] In the earlier case, Plaintiff spells C/O Aguilera's name differently than in this case.  Because the date of the incident in both complaints is August 3, 2009, the Court presumes Plaintiff is referring to the same individual.

2

1  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
3  1153 (9th Cir. 1991).

    IT IS SO ORDERED.

**Dated:**    **October 24, 2012**            <u>/s/ **Gary S. Austin**</u>
                                                                                        UNITED STATES MAGISTRATE JUDGE